Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50068 | **DATE** | 10/15/2001 |
| **CASE TITLE** | Matrix Service Mid Continent vs. Area Rigging & Mill Wright Service, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices mailed by judge's staff. | | OCT 16 2001 | |
| | Notified counsel by telephone. | | date docketed | 75 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 OCT 15 PM 3:36 | 10-15-01 | |
| /LC | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Matrix Service Mid Continent, Inc.("Matrix"), filed a four-count complaint pursuant to 28 U.S.C. § 1332. Count I alleges breach of contract against defendant Area Rigging and Millwright Service, Inc.("Area Rigging"). Count II alleges quantum meruit against Area Rigging. Count III is for an action on bond against defendants Area Rigging and United States Fidelity and Guaranty Company ("Fidelity"). Lastly, Count IV alleges a violation of the Illinois' Mechanics Lien Act ("the Act"), 770 ILL. COMP. STAT. 60/1 et seq. against defendants Area Rigging, Gemma Power Systems, L.L.C. ("Gemma"), Indeck-Rockford, L.L.C.("Indeck") and Rock River Valley Industrial Park, Inc. ("Rock River"). Gemma, Indeck and Rock River (collectively referred to as defendants) have filed a motion to dismiss Count IV pursuant to FED. R. CIV. P. 12(b)(6), which Area Rigging has not joined. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and venue is proper pursuant to 28 U.S.C. § 1391(a).

The court will dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) if a plaintiff has failed to allege all the elements of a cause of action or it is clear the plaintiff can prove no set of facts that would entitle him or her to relief under the allegations. See Fed. R. Civ. P. 12(b)(6); Cook v. Winfrey, 141 F.3d 322, 327 (7th Cir. 1998). Federal courts sitting in diversity apply state substantive law and federal procedural law. Ritchie v. Glidden Co., 242 F.3d 713, 720 (7th Cir. 2001) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). Thus, when addressing a Rule 12(b)(6) motion, a federal court typically follows liberal notice-pleading requirements, see, e.g., Veazey v. Communications & Cable of Chicago, Inc., 194 F.3d 850, 854 (7th Cir. 1999), unless Illinois has elevated certain pleading requirements regarding the Act to a substantive level. See S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist., 60 F.3d 305, 310 (7th Cir.) (outlining tests for determining when a state's procedural rule is "substantive" for purposes of deciding whether Erie requires that it be enforced in federal diversity litigation), cert. denied, 516 U.S. 1010 (1995); cf. Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000) (applying Illinois' pleading requirement of physician's certificate of merit and accompanying report to state law medical negligence claim); Boland v. Engle, 113 F.3d 706, 710 (7th Cir. 1997) (applying state pleading requirement that shareholder must make a demand before bringing derivative law suits). Defendants have not contended that the Illinois Mechanics Lien Act incorporated substantive pleading requirements. Defendants only argue Count IV should be dismissed because Matrix has not included all of the requirements of section 11 of the Act in its complaint. See 770 ILL. COMP. STAT. 60/11, 60/28. As Count IV of the complaint complies with the liberal notice requirements of Rule 8 and defendants' reading of the complaint seems to be hyper-technical, the Motion to Dismiss is denied.